Royer et al. *v.* Danner.

We think that all these reasons are without merit and require no extended discussion at our hands.

And now, Nov. 14, 1921, the motion to strike off the plaintiff's statement is hereby overruled.       From M. M. Burke, Shenandoah, Pa.

---

## Lambright v. Lambright et al.

*Equity—Equity Rule 57—Injunction affidavits not in first person and not divided into paragraphs.*

A preliminary injunction will be dissolved when the affidavits are in the third person and are not divided into paragraphs, as required by Rule 57 of the Equity Rules.

Motion to dissolve preliminary injunction. C. P. Lawrence Co., Dec. T., 1921, No. 2, in Equity.

Plaintiff presented a bill in equity and prayed for and secured a preliminary injunction enjoining and restraining the defendants from disposing of certain moneys which the plaintiff claimed to be his, and which were deposited in the two defendant banks in the name of the other defendant.

The two injunction affidavits were exactly alike, and were as follows:

"State of Pennsylvania, County of Lawrence, ss.:

"Charles N. Lambright, being duly sworn according to law, deposes and says that he has been personally acquainted with William A. Lambright and Rhoda E. Lambright, his wife, for many years. He knows that William A. Lambright has been continuously employed by the Pennsylvania Railroad Company during these years and has regularly earned large wages, practically all of which have passed into the possession of his wife, Rhoda E. Lambright, and that out of these moneys she has deposited large sums of money in the First National Bank of East Palestine, Ohio, and Union Commercial Savings Bank of the same place in her own name and in the name of herself and her husband. He further knows that Rhoda E. Lambright deserted her husband on or about the 5th day of July, 1921, and that they have not lived together as husband and wife since said date.

(Usual *Jurat*)       CHARLES N. LAMBRIGHT."

One of the defendants, Rhoda E. Lambright, filed the following motion to dissolve:

"Now, Nov. 9, 1921, comes Rhoda E. Lambright, one of the defendants, by her attorneys, Thomas W. Dickey and Harry K. Gregor, and moves the court to dissolve the injunction heretofore granted in this case for the reason that the injunction was not supported by proper affidavits, the affidavits filed being in violation of Rule 57 of the Rules of Equity as adopted by the Supreme Court of Pennsylvania, in that said affidavits are in the third person and not in the first person, and, also, not divided into paragraphs as required by said rule.       THOS. W. DICKEY,

HARRY K. GREGORY,

Solicitors for Rhoda E. Lambright, one of the defendants."

*W. E. Porter* and *Wylie McCaslin*, for plaintiff.

*T. W. Dickey* and *H. K. Gregory*, for defendants.

EMERY, P. J.—Now, Nov. 9, 1921, motion to dissolve the preliminary injunction granted at above number and term is granted, and the preliminary injunction heretofore granted is dissolved.

From William McElwee, Jr., New Castle, Pa.

1 D. & C.